People v White (2022 NY Slip Op 06191)

People v White

2022 NY Slip Op 06191

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

112115
[*1]The People of the State of New York, Respondent,
v
Georgio White, Appellant.

Calendar Date:October 7, 2022

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Morgan Cosentino of counsel), for respondent.

Appeal from a judgment of the County Court of Warren County (John S. Hall Jr., J.), rendered April 12, 2019, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.
As relevant here, defendant was indicted and charged with one count each of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. After twice rejecting other plea offers, defendant agreed to plead guilty to the charged crimes with the understanding that he would be sentenced upon each conviction — as a second felony offender — to a prison term of six years followed by three years of postrelease supervision, said terms to be served concurrently. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon terms of imprisonment and this appeal ensued.
We affirm. Contrary to defendant's assertion, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). As promised by County Court, defendant received the minimum period of imprisonment available to a second felony offender with a prior violent felony conviction (see Penal Law § 70.70 [4] [b] [i]). Moreover, the mere fact that defendant was afforded — and rejected — the opportunity to plead guilty to a reduced charge and receive a lesser term of imprisonment does not render the negotiated sentence to which defendant ultimately agreed either coercive, punitive or unduly harsh or severe. Defendant's remaining arguments have been examined and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.